IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MOSES J. HAMBERLIN, # 07088-089**                    **PETITIONER**

**VERSUS**                     **CIVIL ACTION NO. 5:11CV179-DCB-JMR**

**WARDEN A. LONGLEY**                     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Moses J. Hamberlin filed this Petition for Writ of Habeas Corpus under 28 U.S.C. 2241 [1]. He is presently at the Federal Corrections Complex in Yazoo City, Mississippi and attacks his sentence enhancement under the Armed Career Criminal Act. He argues he is actually innocent of being a career offender. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

On December 27, 2011, Petitioner filed the instant habeas petition challenging his sentence handed down from the Eastern District of Wisconsin. Petitioner pled guilty in that court to being a felon in possession of a firearm. That court sentenced him, on March 19, 2004, to 180 months in the custody of the Federal Bureau of Prisons, followed by three years of supervised release. *United States v. Hamberlin*, No. 2:03cr202-RTR (E.D. Wis. Mar. 19, 2004). His sentence was enhanced under the career criminal statute. Six days later, he appealed his sentence enhancement, arguing the issue should have been alleged in the indictment and either submitted to a jury or admitted. *United States v. Hamberlin*, 124 F. App'x 450, 451 (7th Cir. Feb. 14, 2005). The Seventh Circuit affirmed his sentence on February 14, 2005. *Id.* at 452.

Petitioner now argues he is actually innocent of being a career criminal under the Armed Career Criminal Act. Specifically, he maintains his previous drug conviction, which was used to enhance his sentence, did not qualify as a felony drug offense. He asks the Court to vacate his sentence and re-sentence him without the career enhancement.

## DISCUSSION

Petitioner claims he was improperly sentenced as a career criminal because his prior drug conviction did not constitute a felony drug offense. He relies on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Both were decided after his sentence was affirmed.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to 28 U.S.C. 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner's claim that he was improperly sentenced as a career offender does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence. Since the alleged constitutional violation regarding his career offender classification "occurred at or prior to sentencing," it is not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or

2

ineffective" requirement, the Fifth Circuit held:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id.* at 901.

Petitioner contends he meets the requirements to proceed under the savings clause based on his actual innocence of being a career offender.  The Fifth Circuit has consistently disallowed such claims under the savings clause.  *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).  A "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."  *Bradford*, 660 F.3d at 230.  Since Petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to Section 2241.

Accordingly, Petitioner's claims are not properly pursued under Section 2241, and the Petition for habeas relief shall be dismissed as frivolous.  Further, to the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction.  *Pack*, 218 F.3d at 454.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby **DISMISSED**.  A separate final judgment shall issue pursuant

to Federal Rule of Civil Procedure 58.

    **SO ORDERED**, this the <u>19th</u> day of January, 2012.


                        <u> s/David Bramlette                        </u>
                        UNITED STATES DISTRICT COURT JUDGE